# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | |
|---|---|
| CHRISTOPHER COX, | * |
| Plaintiff, | * |
| v. | Case No.: GJH-16-257 |
| | * |
| ROBUSTIANO BARRERA, M.D., | |
| and | |
| WEXFORD HEALTH SOURCES, INC. | * |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff Christopher Cox first filed this lawsuit in January 2016 when, proceeding *pro se*, he alleged, *inter alia*, that Defendant Dr. Robustiano Barrera retaliated against him for filing an Administrative Remedy Procedure ("ARP") in violation of the First Amendment. The Court granted in part and denied in part a Motion to Dismiss, ECF No. 16, and appointed pro bono counsel to represent Plaintiff, ECF No. 29. Plaintiff now seeks leave to amend his Complaint to clarify his retaliation claim and add a *Monell* claim against Wexford Health Sources ("Wexford"). ECF No. 38. Defendant Barrera opposes the addition of the *Monell* claim against Wexford. ECF No. 40. No hearing is necessary. See Loc. R. 105.6 (D. Md. 2016). For the following reasons, Plaintiff's Motion for Leave to Amend is granted in part and denied in part.

## I. DISCUSSION

Plaintiff seeks leave to amend his Complaint to clarify his First Amendment retaliation claim and to add allegations that Wexford has "a practice, policy/and or procedure" permitting

1

staff to "withdraw orders for medically necessary treatments and ambulatory aids without medical evaluation" in retaliation for complaints about Wexford staff. ECF No. 38-3 ¶ 56. Plaintiff alleges that he is "not the only inmate who suffered this form of retaliation," but does not name any other inmates who experienced this retaliation or otherwise allege the basis for this belief. *Id*. Defendant opposes only amending the complaint to add Wexford as a Defendant and to add the *Monell* claim (Count II).[1]

Leave to amend a pleading "shall be freely given when justice so requires," Fed. R. Civ. P. 15(a); however, a motion for leave to amend should be denied when the amendment would be futile. *Devil's Advocate, LLC v. Zurich Amer. Ins. Co.*, 666 F. App'x 256, 267. An amendment to a complaint is futile when the amended complaint could not survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Id*. A court may not deny a party's motion to amend solely on the basis of delay; the "delay must be accompanied by prejudice, bad faith, or futility." *Jones v. HSBC Bank USA, N.A.*, 444 F. App'x 640, 643 (4th Cir. 2011) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999)).

On a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), the Court "must accept the factual allegations of the complaint as true and construe them in the light most favorable to the nonmoving party." *Rockville Cars, LLC v. City of Rockville, Md.*, 891 F.3d 141, 145 (4th Cir. 2018). To overcome a 12(b)(6) motion, the "complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'"

---

[1] Defendant also opposes amendment of the Complaint as time-barred because Defendant Barrera rescinded the order for a wheelchair on January 7, 2016 and the Motion for Leave to Amend was filed on January 15, 2019. ECF No. 40 at 7. Even if the limitations period began to run on January 7, 2016, and not on January 20, 2016, when Plaintiff received notice of Dr. Barrera's allegedly retaliatory action, Plaintiff's Amended Complaint arises out of the same conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading, so the amended allegations relate back to the original pleading date of January 28, 2016. *See* Fed. R. Civ. P. 15(c); *Hood v. City of N.Y.*, 739 F. Supp. 196, 200-01 (S.D.N.Y. 1990) (holding amended complaint asserting *Monell* claims related back to original complaint of individual misconduct).

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A plaintiff must "provide sufficient detail" to show "a more-than-conceivable chance of success on the merits." *Upstate Forever v. Kinder Morgan Energy Partners*, 887 F.3d 637, 645 (4th Cir. 2018) (citing *Owens v. Balt. City State's Attorneys Ofice*, 767 F.3d 379, 396 (4th Cir. 2014)). The mere recitation of "elements of a cause of action, supported only by conclusory statements, is not sufficient to survive a motion made pursuant to Rule 12(b)(6)." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012). Nor must the Court accept unsupported legal allegations. *Revene v. Charles Cnty. Commis.*, 882 F.2d 870, 873 (4th Cir. 1989). A plausibility determination is a "context-specific inquiry" that relies on the court's "experience and common sense." *Iqbal*, 556 U.S. at 679-80.

Plaintiff's claim that Defendants violated his First Amendment rights arises under 42 U.S.C. § 1983. A local government cannot be held liable under § 1983 solely because its employee deprives an individual of their constitutional rights. *Linnemann v. City of Aberdeen*, No. MJG-12-2021, 2013 WL 3233526, at *9 (D. Md. 2013) (citing *Monell v. N.Y. City Dep't of Soc. Servs.*, 436 U.S. 658, 691-95 (1978)).[2] A local government is liable for a deprivation of constitutional rights under § 1983 "only where 'the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by the body's officials." *Id*. (quoting *Monell*, 436 U.S. at 690-91). A Plaintiff may allege existence of a policy or custom in four ways:

> (1) through an express policy, such as a written ordinance or regulation; (2) through the decisions of a person with final policymaking authority; (3) through an omission, such as a failure to properly train officers, that 'manifest[s] deliberate indifference to the rights of citizens'; or (4) through a practice that is so

---

[2] The Fourth Circuit has recognized that "the principles of § 1983 municipal liability articulated in *Monell* and its progeny apply equally to a private corporation" contracting to provide correctional services. *Austin v. Paramount Parks, Inc.*, 195 F.3d 715, 727-28 (4th Cir. 1999).

> 'persistent and widespread' as to constitute a 'custom or usage with the force of law.'

*Lytle v. Doyle*, 326 F.3d 463, 471 (4th Cir. 2003). It is not clear from the proposed Amended Complaint which of these theories Plaintiff seeks to establish. Plaintiff alleges the existence of no express written policy. Though Plaintiff observes that Dr. Barrera is the Regional Medical Director of Wexford, he does not allege that Barrera has final policymaking authority; instead, he suggests that Barrera was acting according to a policy, rather than creating it. ECF No. 38-3 ¶ 56. Plaintiff does not allege that Wexford failed to train its staff. To the extent Plaintiff suggests that the practice of retaliation is so widespread as to constitute a custom, he failed to identify even a single additional example of the alleged use of this practice. *See Linnemann*, 2013 WL 3233526, at *10 ("In most, if not virtually all, decided cases, courts have held that a municipal custom giving rise to § 1983 liability cannot be established based on a single incident of the unconstitutional activity charged."). Thus, Plaintiff has not sufficiently alleged a policy or custom and his claim is futile.

Plaintiff contends that Defendant Barrera does not have standing to challenge the addition of Wexford to the case. But courts routinely deny leave to amend a complaint to add an additional party, even when the opposition arises from a separate party as it does here. *See, e.g., Bryant v. Taylor*, 244 F. Supp. 3d 209, 214 (D.D.C. 2017); *Jones v. Lexington Cty Detention Ctr.*, 586 F. Supp. 2d 444, 450 (D.S.C. 2008).[3]

---

[3] Plaintiff explains that, without the benefit of discovery, he is unable to "assert the litany of individuals who alleged that they were subject to these practices." ECF No. 41 at 5. Discovery permits a party to obtain any nonprivileged matter that is relevant to any party's claim or defense, *see* Fed. R. Civ. P. 26(b)(1), and "[a]lthough the pleadings are the starting point from which relevancy and discovery are determined, relevancy is not limited by the exact issues identified in the pleadings." *Robinson v. Quicken Loans, Inc.*, No 12-cv-981, 2012 WL 6045836, at *2 (S.D.W. Va. 2012) (cleaned up). Plaintiff will have the opportunity to re-assert these claims if and when discovery reveals sufficient evidence to support them.

## II. CONCLUSION

The Motion for Leave to Amend, ECF No. 40, is granted in part and denied in part without prejudice. A separate Order shall issue.


Date: May 28, 2019                                      /s/_____
                                                        GEORGE J. HAZEL
                                                        United States District Judge